**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LESTER H. SCHWEISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1175 CAS |
| | ) | |
| FAMILY WATCHDOG, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFAULT ORDER OF DECLARATORY JUDGMENT

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant

Family Watchdog, LLC.

On July 27, 2009, Plaintiff filed its Complaint for Declaratory Judgment seeking declarations

that Plaintiff's use of the trademarks FAMILY WATCHDOG and FAMILYWATCHDOG.COM

(the "Schweiss Marks") does not violate any trademarks or intellectual property rights of Defendant,

or violate the federal Lanham Act, or any state trademark, unfair competition, or false and/or

deceptive advertising laws.

The record indicates that Defendant was served with the Complaint and Pluries Civil

Summons on December 9, 2009, and that Defendant attempted to filed an untimely Answer on

December 31, 2009. On January 8, 2010, the Court ordered Defendant's purported Answer stricken

for failure to file it through licensed counsel and ordered Defendant to show cause before January

29, 2010, why the Court should not cause the Clerk of Court to enter default against Defendant on

Plaintiff's motion.

The record indicates that Defendant has not shown cause or filed an Answer or other

responsive pleading to Plaintiff's Complaint, and the time to do so has passed. Plaintiff filed a

Motion for Entry of Default by the Clerk of Court pursuant to Rule 55(a), Federal Rules of Civil Procedure, on January 11, 2010, which was granted on February 3, 2010 (Doc. 18). Plaintiff filed a Motion for Default Judgment against Defendant on February 3, 2010 (Doc. 19).

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECLARED** that:

1        Plaintiff's Motion for Default Judgment against Defendant is **GRANTED**. [Doc. 19]

2.        Plaintiff's use of the Schweiss Marks does not violate the federal Lanham Act, or infringe upon any of Defendant's trademarks or other intellectual property rights under any federal laws;

3.        Plaintiff's use of the Schweiss Marks does not violate any state trademark, unfair competition, or false and/or deceptive advertising laws, or infringe upon any of Defendant's trademarks or other intellectual property rights under any state laws;

4.        Plaintiff's use of the Schweiss Marks does not constitute dilution of Defendant's trademarks, or violate the federal Lanham Act, specifically 15 U.S.C. §1125(c); and

5.        Defendant, its agents, servants, employees, attorneys, and affiliates, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently enjoined from interfering with Plaintiff's business, and from threatening or filing litigation or otherwise making statements that Plaintiff has infringed or is infringing any of Defendant's trademarks.

**SO ORDERED** this <u>22nd</u> day of February, 2010.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**